```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

SHAMARAH HALLIDAY,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil No. 2015-85
                                    )
                                    )
M/V KON TIKI II; CRUISE SHIP        )
EXCURSIONS, INC.; and WARWICK       )
HOLDINGS, INC,                      )
                                    )
          Defendants.               )
                                    )
```

ATTORNEYS:

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
    *For Shamara Halliday,*

**Kanaan Le'Roy Whilhite, Esq.**
Moore, Dodson & Russell
    *For M/V Kon Tiki II; Cruise Ship Excursions, Inc.; and Warwick Holdings, Inc.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of the M/V Kon Tiki II; Cruise Ship Excursions, Inc.; and Warwick Holdings, Inc. to dismiss Count Two of the complaint for failure to state a claim.

### I.  FACTUAL AND PROCEDURAL HISTORY

On October 20, 2013, Shamara Halliday ("Halliday") was a passenger on the M/V Kon Tiki II (the "Kon Tiki"), a 90-foot motorized catamaran, in the Charlotte Amalie harbor. She leaned

against a railing, which gave away. As a result, Halliday fell overboard and was injured.

Thereafter, Halliday filed a three count complaint *in rem* against the Kon Tiki. Count One asserts a negligence claim. Count Two asserts an unseaworthiness claim. Count Three asserts a maritime lien against the Kon Tiki.

Subsequently, Cruise Ship Excursions, Inc. filed a verified statement of interest in the Kon Tiki. In its filing, Cruise Ship Excursions, Inc. asserts that it "is the sole and exclusive operator of the vessel and uses the vessel on a near daily basis to run charters and tours." ECF No. 4. Warwick Holdings, Inc. also filed a verified statement of interest in the Kon Tiki. In its filing, Warwick Holdings, Inc. asserts that it "is the sole and exclusive owner of the vessel." ECF No. 5.

The Kon Tiki; Cruise Ship Excursions, Inc.; and Warwick Holdings, Inc. (collectively, the "defendants") then filed the instant motion to dismiss Count Two of the complaint for failure to state a claim.[1]

---

[1] In their motion, the defendants also seek to postpone engaging in discovery or filing an answer until after the Court resolves the instant motion. That request for relief is moot. The defendants have since filed an answer to the complaint, ECF No. 40, and have notified the Court that they served their responses and objections to Halliday's first request for admissions, *see* ECF No. 41.

## II.   DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual

pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

### III. <u>ANALYSIS</u>

In their motion to dismiss for failure to state a claim, the defendants seek to dismiss Count Two of the complaint. As previously noted, Count Two asserts a claim for unseaworthiness.

> [T]he owner of a vessel has an absolute and non-delegable duty to provide a seaworthy ship. *See Mahnich v. Southern S.S. Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944). The Supreme Court has articulated the standard as "not perfection, but reasonable fitness." *Mitchell v. Trawler-Racer, Inc.*, 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).
>
> . . .
>
> "It makes no difference to the shipowner's liability that he lacked complete control over the instrumentality causing injury, or that he had neither actual nor constructive notice of the unseaworthy condition." *Edynak v. Atlantic Shipping, Inc.*, 562 F.2d 215 (3d Cir.1977) (citations omitted). In this way, the doctrine is a species of liability without fault . . . A plaintiff must "show not only that the act or omission played a substantial part in bringing about or actually causing the injury to him, but also that the injury was either a direct result or a reasonably probable consequence of the act or omission." 1B-III Benedict on Admiralty § 28 (2004).

*Fasold v. Delaware River & Bay Auth.*, 117 F. App'x 836, 838 (3d Cir. 2004)(footnote omitted).

> The doctrine of seaworthiness, imposing non-fault liability upon shipowners, developed in recognition of the inherently dangerous nature of the work of seamen. However, it extends only to seamen who are

>  members of the crew and those performing the duties
>  of crew members.

*Garrett v. U.S. Lines, Inc.*, 574 F.2d 997, 1000 (9th Cir. 1978). Where an individual's relationship to a vessel is, "at most, that of a passenger . . . [,] the doctrine is inapplicable." *Id.; accord Gibboney v. Wright*, 517 F.2d 1054, 1059 (5th Cir. 1975); *Simmons v. Catamaran Cruises, Inc.*, No. CIV. 78-186, 1980 WL 626234, at *2 (D.V.I. Jan. 22, 1980). Charterers[3] may, however, bring a claim for unseaworthiness on the theory that absent an express provision to the contrary, the charter contract contains an implied warranty of seaworthiness.[4] *See Work v. Leathers*, 97 U.S. 379, 380, 24 L. Ed. 1012 (1878)("Where the owner of a vessel charters her, or offers her for freight, he is bound to see that she is seaworthy and suitable for the service in which she is to be employed. If there be defects known, or

---

[3] A charterer is "[a] person or company that contracts (by charterparty) with a shipowner for the transportation of passengers or cargo for a specified voyage or period of time." Black's Law Dictionary (10th ed. 2014). A charterparty is:

>  A contract by which a ship, or a principal part of it, is
>  leased by the owner, esp. to a merchant for the conveyance of
>  goods on a predetermined voyage to one or more ports or for a
>  specified period of time; a special contract between the
>  shipowner and charterer, esp. for the carriage of goods by
>  sea.

*Id.*

[4] These rules may appear somewhat arbitrary. Indeed, "one might wonder how the admiralty with all of its tender concerns for life and limb would extend the duty of furnishing a seaworthy vessel to a bale of cotton but not a passenger." *Gibboney v. Wright*, 517 F.2d 1054, 1059 (5th Cir. 1975). Nevertheless, these rules are well-established law.

not known, he is not excused. He is obliged to keep her in proper repair, unless prevented by perils of the sea or unavoidable accident. Such is the implied contract where the contrary does not appear.").

In her complaint, Halliday alleges that she was "a Charterer of the M/V Kon Tiki II . . . ." ECF No. 1, at ¶ 18. She further alleges that she "was a passenger on a charter excursion . . . ." [5] *Id.* at ¶ 8. She also alleges the legal conclusion that charter contracts contain an implied warranty of seaworthiness. *Id.* at ¶ 19. She does not, however, allege any facts indicating that *she* was party to a charter contract. Indeed, she does not allege any facts showing that she was party to *any* contract--for a charter or otherwise.

When plaintiffs allege legally significant relationships with defendants, courts have required plaintiffs to plead facts indicating that such relationships existed rather than permit the plaintiffs to merely allege the existence of such relationships. *See, e.g., Day v. Taylor*, 400 F.3d 1272, 1277 (11th Cir. 2005)("Whether U-Haul's relationship with its independent dealers is a genuine agency is a question of law which depends on the nature of that relationship. We are not

---

[5] The Court does not view this allegation as inconsistent with her allegation that she was a charterer of the vessel. Halliday could be both a passenger and a charterer of the vessel.

bound by the legal conclusions in the complaint that the relationship is not an agency or that the independent dealers do not have 'legal power' to act on behalf of U-Haul. We must look instead at the pleaded facts to determine whether Appellants' claim can withstand a motion to dismiss.")(internal citations and quotations omitted); *Allianz Glob. Corp. & Specialty v. MSC "Moneterey"*, No. 13-CV-7563-RA, 2014 WL 4631891 (S.D.N.Y. Sept. 16, 2014)("The allegation that Defendant was a bailee is a legal conclusion and nowhere in the Amended Complaint does Plaintiff set forth any facts that would support a reasonable inference that a bailment relationship existed between KTS, or any other relevant actor, and OM Log."); *see also JJ Water Works, Inc. v. San Juan Towing & Marine Servs., Inc.*, 59 F. Supp. 3d 380, 392 (D.P.R. 2014)("I decline . . . to treat the paragraph in JJ's complaint stating that the contract was a time charter as a judicial admission that JJ cannot now contravene. What type of charter the parties entered into is at least partially a question of law; one cannot make a charter bareboat, for example, simply by saying it is. The court is not obligated to treat legal conclusions as binding judicial admissions."). The Court is satisfied that a similar rule applies here.

Accordingly, because Halliday has failed to plead facts indicating that she was party to a charter contract, the Court will dismiss Count Two for failure to state a claim.[6]

An appropriate Order follows.

```
                               S_____
                                 Curtis V. Gómez
                                 District Judge
```

---

[6] In a footnote, the defendants request that the Court take judicial notice of the pleadings in a Superior Court case. The defendants indicate that the pleadings in that case show that Halliday was "simply a passenger" on the M/V Kon Tiki II.
    The Court may take judicial notice of pleadings in other cases. *See Zahn v. Transamerica Corp.*, 162 F.2d 36, 50 (3d Cir. 1947)("We may take judicial notice of the pleadings in the Neff case since they are public documents."). Significantly, however, the Court ascribes no legal significance to potentially inconsistent pleadings in this context. Even in a single complaint, "a plaintiff may plead in the alternative. . . [Third Circuit] caselaw finds no difficulty with pairing the two claims in one complaint." *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 189 (3d Cir. 1999). As such, the Court is not concerned with any inconsistency between pleadings in separate cases when, as here, it considers a motion to dismiss for failure to state a claim. Therefore, the Court has not relied on the pleadings in the Superior Court case to reach its conclusion that Count Two of the complaint fails to state a claim.