DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHAMARAH HALLIDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2015-85 |
| | ) | |
| M/V KON TIKI II; CRUISE SHIP EXCURSIONS, INC.; and WARWICK HOLDINGS, INC, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
   *For Shamara Halliday,*

**Kanaan Le'Roy Whilhite, Esq.**
Moore, Dodson & Russell
St. Thomas, U.S.V.I.
   *For M/V Kon Tiki II; Cruise Ship Excursions, Inc.; and Warwick Holdings, Inc.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Shamarah Halliday, to voluntarily dismiss this action without prejudice.

The M/V Kon Tiki II (the "Kon Tiki") is a 90-foot motorized catamaran that offers cruises in the Charlotte Amalie harbor in St. Thomas, U.S. Virgin Islands. On October 20, 2013, Shamara Halliday ("Halliday") was a passenger on board the Kon Tiki. As

Halliday leaned against a railing on the Kon Tiki, the railing collapsed. As a result, Halliday fell overboard and was injured.

On March 11, 2014, Halliday filed a complaint in the Virgin Islands Superior Court (the "Superior Court action"). In the Superior Court action, Halliday alleges a single negligence cause of action against Cruise Ship Excursions, Inc., d/b/a Kon Tiki Party Raft ("Cruise Ship Excursions").

On December 30, 2015, Halliday filed a three-count complaint *in rem* against the Kon Tiki in this Court (the "Federal action"). Count One asserts a negligence claim. Count Two asserts an unseaworthiness claim. Count Three asserts a maritime lien against the Kon Tiki.

Subsequently, Cruise Ship Excursions filed a verified statement of interest in the Kon Tiki asserting that it "is the sole and exclusive operator of the vessel and uses the vessel on a near daily basis to run charters and tours." ECF No. 4. Warwick Holdings, Inc., ("Warwick") also filed a verified statement of interest in the Kon Tiki. In its filing, Warwick asserts that it "is the sole and exclusive owner of the vessel." ECF No. 5.

On Feburary 9, 2016, the Kon Tiki; Cruise Ship Excursions, Inc.; and Warwick Holdings, Inc. (collectively, the "defendants") moved to dismiss Count Two of the complaint for

failure to state a claim. The Court granted the motion on August 19, 2016, and dismissed Halliday's unseaworthiness cause of action.

Subsequently, on June 28, 2017, Halliday moved to dismiss the Federal action. Halliday asserts that "her claims for negligence [in the Federal action] are factually identical to her pending claims in the Superior Court." ECF No. 78 at 2. Halliday asks the Court to dismiss the Federal action pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)").

Rule 41(a)(2) provides, in pertinent part, that:

> an action may be dismissed at the plaintiff's request . . . on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

It is within the Court's discretion whether to grant a Rule 41(a)(2) motion. *See Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d Cir. 1974). In ruling on such a motion, the Court must "decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." *Id*. at 29.

*Halliday v. M/V Kon Tiki II, et. al.*
Civil No. 2015-85
Judgment
Page 4

As the defendants have noted in other filings, the Superior Court action, which has been "recently continued and [is] expected to be rescheduled in the fall of 2017," will be "determinative of this case." See ECF No. 57 at 2. Further, none of the defendants have filed counterclaims in the Federal action. The Court perceives no prejudice to the defendants if Halliday's motion is granted.

Accordingly, the Court will dismiss Halliday's complaint without prejudice.

The premises considered, it is hereby

**ORDERED** that Halliday's motion to dismiss this action is hereby **GRANTED;** it is further

**ORDERED** that the trial setting in this matter is **VACATED;** it is further

**ORDERED** that all other pending motions in this case are **MOOT;** it is further

**ORDERED** that this case is **DISMISSED;** and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez**
**District Judge**